UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FRANKIE ROBINSON,

       Plaintiff,

vs.

EDWARD VOORHIES, *et al.*,

       Defendants.

Case No. 1:07-cv-1006

Beckwith, C.J.
Black, M.J.

## REPORT AND RECOMMENDATION[1] THAT
## PLAINTIFF'S MOTION FOR TRO AND INJUNCTION (Doc. 13) BE DENIED

    Plaintiff, an inmate at Southern Ohio Correctional Facility, brings this action claiming that defendants violated his rights under the Eighth Amendment. The case is before the Court upon plaintiff's motion for temporary restraining order and preliminary injunction (Doc. 13), and defendant Hunt's memorandum contra (Doc.15 ).

    Plaintiff seeks an injunction to accomplish the following: (1) an investigation by the Ohio State Highway Patrol into his allegations; and (2) an order requiring that he and Sgt. Hunt not be placed with 500 feet of each other. (Doc. 13).

    In determining whether to issue a temporary restraining order, this Court must balance the following factors:

    1.    Whether the party seeking the injunction has shown a substantial likelihood of success on the merits;

    2.    Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

    3.    Whether an injunction will cause others to suffer substantial harm; and

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

    4.     Whether the public interest would be served by a
preliminary injunction.

*U.S. v. Bayshore Associates, Inc.,* 934 F.2d 1391, 1398 (6th Cir. 1991); *In Re King World Productions, Inc.*, 898 F.2d 56, 59 (6th Cir. 1990); *Project Vote! V. Ohio Bureau of Employment Services*, 578 F. Supp. 7, 9 (S.D. Ohio 1982) (Spiegel, J.); s*ee also Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 n.3 (6th Cir. 1991); *Newsom v. Norris*, 888 F.2d 371, 373 (6th Cir. 1989); *Frisch's Restaurant, Inc. v. Shoney's, Inc*., 759 F.2d 1261, 1263 (6th Cir. 1985).

The undersigned finds that plaintiff has not alleged facts sufficient to warrant a temporary restraining order. Plaintiff has not alleged facts indicating a substantial likelihood of success on the merits of his constitutional claims, and he has not alleged facts showing that he will suffer irreparable harm absent a preliminary injunction. Monetary or economic harm by itself does not constitute irreparable harm. *State of Ohio ex rel. Celebrezze v. N.C.R.*, 812 F.2d 288, 290 (6th Cir.1987).

An injunction is also not warranted in this case because the purpose of a preliminary injunction, to preserve the *status quo* until a trial on the merits can be held, *see Martin*, 924 F.2d at 102, would not be served. The present *status quo* in this case is, according to plaintiff, that he has suffered numerous violations of his constitutional rights. The remedy plaintiff presently seeks is more than an injunction maintaining the *status quo*; he seeks an Order from this Court requiring defendants to affirmatively correct constitutional deficiencies yet to be proven. Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief. *Id*.

Accordingly, the undersigned therefore **RECOMMENDS** that plaintiff's motion for TRO and injunction (Doc. 13) be **DENIED**.


Date:<u>January 6, 2009</u>                                    <u>s/Timothy S. Black</u>
                                                                                          Timothy S. Black
                                                                                          United States Magistrate Judge


UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FRANKIE ROBINSON,

       Plaintiff,

vs.

EDWARD VOORHIES, *et al.,*

       Defendants.

Case No. 1:07-cv-1006

Beckwith, C.J.
Black, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FIFTEEN (15) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).