UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FRANKIE ROBINSON,

    Plaintiff,

vs.

EDWARD VOORHIES, *et al.*,

    Defendants.

Case No. 1:07-cv-01006

Judge Sandra S. Beckwith
Magistrate Judge Timothy S. Black

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER (DOC. 56) BE DENIED; AND (2) PLAINTIFF'S MOTION TO AMEND THE COMPLAINT (DOC. 55) BE DENIED**

This case is currently before the Court on two motions: (1) Plaintiff's motion to amend the complaint (Doc. 55) and Defendant Hunt's memorandum in opposition (Doc. 60); and (2) Plaintiff's motion for a temporary restraining order/preliminary injunction (Doc. 56) and Defendant Hunt's memorandum in opposition (Doc. 62).

**I.    BACKGROUND FACTS AND PROCEDURAL HISTORY**

Plaintiff, an inmate at Southern Ohio Correctional Facility ("SOCF"), initiated this case by filing a *pro se* complaint alleging a § 1983 violation. (Doc. 3). On January 14, 2008, this Court dismissed all of Plaintiff's claims except an Eighth Amendment claim against Defendant Sergeant Forest Hunt. (Doc. 4). Plaintiff's complaint, in essence, alleges that Defendant Hunt used excessive force against him.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

In his motion for a temporary restraining order, Plaintiff alleges that Cynthia Davis, SOCF Unit Administrator, is attempting to remove him from protective custody in retaliation for his filing a lawsuit against Defendant Hunt. (Doc. 56). Plaintiff alleges that if he is removed from protective custody, he will "most likely be killed by other inmates." (*Id*. at 3). Plaintiff seeks a preliminary injunction and temporary restraining order directing SOCF to keep him in protective custody. (*Id*.) However, as of March 9, 2009, Plaintiff was transferred to Mansfield Correctional Institution ("MCI"), a medium security institution. (Doc. 62).

Similarly, in Plaintiff's motion to amend the complaint (Doc. 56), Plaintiff seeks to add a claim for retaliation. (Doc. 55).

## II.  STANDARD OF REVIEW

A.  *Preliminary Injunctive Relief/Temporary Restraining Order*

When deciding whether to grant preliminary injunctive relief, the Court should consider the following factors: (1) whether the movant has established a "strong" likelihood of success on the merits; (2) whether the movant will otherwise suffer irreparable injury; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction. *McPherson v. Michigan High School Athletic Ass'n, Inc.*, 119 F.3d 453, 459 (6th Cir. 1997). Interim injunctive relief is an extraordinary remedy that should not be granted unless the movant makes a clear showing of his right to such relief. *Cincinnati Bengals, Inc. v. Bergey*, 453 F.Supp. 129 (S.D. Ohio 1974) (citing *Garlock, Inc. v. United*

*Seal, Inc.*, 404 F.2d 256, 257 (6th Cir. 1968)). The decision whether or not to grant interim injunctive relief is within the sound discretion of the District Court. *Hecht Co. v. Bowles*, 321 U.S. 321 (1944).

    B.    *Leave to Amend the Complaint*

Fed. R. Civ. P. 15 grants a court discretion to permit a plaintiff to file an amended complaint. Fed. R Civ. P. 15(a) provides that a party may amend the pleadings once, as a matter of course, before a responsive pleading is served. If a responsive pleading has been filed, as it has in this case, an amendment is only permitted by leave of the court or with written consent of the adverse party.

Leave may be denied if the proposed amendment would be futile in as much as it would not withstand a motion to dismiss under Rule 12(b)(6). *See Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 346 (6th Cir. 2007). To withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007). A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. *Id.*; *see also*, *Mezibov v. Allen*, 411 F.3d 712 (6th Cir. 2005) (noting that "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesden*, 500

F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 127 S.Ct. at 1965). Thus, "to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements to sustain recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988).

### III. ANALYSIS

A.  *Plaintiff's Motion for Injunctive Relief/Temporary Restraining Order is Moot*

The Sixth Circuit Court of Appeals considered an inmate's request for injunctive relief in *Kensu v. Haigh*, 87 F.3d 172 (6th Cir. 1996). In that case, an inmate sought declaratory and injunctive relief as part of a lawsuit alleging constitutional violations regarding the alleged examination of his mail. With respect to injunctive relief, the Court stated, "to the extent Kensu seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that searched his mail." *Id.* at 175.

Similarly, in the instant case, Plaintiff seeks an order for protective custody at SOCF because he was receiving threats from other inmates at SOCF. (Doc. 56). However, Plaintiff was transferred to MCI on March 9, 2009. (Doc. 62). Therefore, Plaintiff cannot demonstrate any ongoing harm regarding inmates at SOCF, and as a result, the undersigned recommends that Plaintiff's request for a temporary restraining order be **DENIED** as **MOOT**.

B.   *Plaintiff's Motion to Amend the Complaint is Defective in Form and Futile*

Plaintiff also seeks to amend the complaint to add a claim for retaliation. (Doc. 56). However, Plaintiff's motion is defective in form. Plaintiff is essentially seeking leave to amend but has failed to attach a proposed amended complaint. (*See* Doc. 55). As a result, the Court is unable to evaluate the merit of the proposed amendment and determine if, in the interest of justice, it should grant leave to amend. The proposed amendment is also needed to determine if Plaintiff has met his initial burden of demonstrating exhaustion of administrative remedies.

Even if Plaintiff did properly seek leave to amend the complaint, his motion would still fail because he cannot state a cause of action. In order to establish a cause of action for retaliation, a plaintiff must: (1) prove that the conduct which led to the retaliation was constitutionally protected; (2) show that the defendant took adverse action against the plaintiff; and (3) demonstrate a causal link between the exercising of the constitutional right and the adverse action taken. *Brown v. Crowley*, 312 F.3d 782, 787 (6th Cir. 2002).

In the instant case, Plaintiff's March 9, 2009 transfer from SOCF to MCI eliminates the possibility of a causal link between the exercising of a constitutional right and the adverse action alleged, *i.e.*, removal from protective custody into general population at SOCF. Therefore, Plaintiff's claim for retaliation would not withstand a motion to dismiss under Rule 12(b)(6). Accordingly, the undersigned recommends that Plaintiff's motion to amend be **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's motion for temporary restraining order be **DENIED** as **MOOT** (Doc. 56) and Plaintiff's motion to amend (Doc. 55) be **DENIED**.

DATE: June 22, 2009                                         s/ Timothy S. Black
                                                            Timothy S. Black
                                                            United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FRANKIE ROBINSON,

    Plaintiff,

vs.

EDWARD VOORHIES, *et al.*,

    Defendants.

Case No. 1:07-cv-01006

Judge Sandra S. Beckwith
Magistrate Judge Timothy S. Black

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") **within 10 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections **within 10 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).